IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CRIMINAL NO. 06-047-CG |
| | ) |
| ROBERT WILLIAM CROSBIE, | ) |
| | ) |
| Defendant, | ) |

**ORDER**

This cause is before the court on defendant's motion to suppress and the United States' responses thereto. (Docs. 18, 26). No evidentiary hearing is necessary as the operative facts are not in dispute. Upon consideration of all matters presented, the court finds that the motion to suppress is due to be **DENIED**.

**I. FACTS**

The indictment charges that the defendant "knowingly possessed and attempted to possess images of child pornography that were mailed, shipped and transported in interstate commerce by any means, including by computer," in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and Section 2256(8)(A). (Doc. 1). Defendant's motion to suppress arises from facts surrounding a search of a computer hard drive in defendant's home. (Doc. 18 at 1). The facts set forth in defendant's motion allege that after observing the defendant viewing child pornography, the defendant's wife ordered the defendant out of their home. (Id.) Defendant's wife then telephoned the Federal Bureau of Investigation, inviting bureau agents to examine the computer for child pornography. (Id.). Defendant maintains that the computer was maintained in the home with equal access by him and his wife. (Id.). Upon arrival at the home,

the agents conducted a search of the hard drive without a search warrant.  (Id.).

## II.     DISCUSSION

The defendant premises his Fourth Amendment challenge on his wife's action to remove him from their home which, according to defendant, denied him "the opportunity to properly object to the viewing of the contents of the computer hard drive without an appropriate search warrant." (Id. at 1).  In United States v. Matlock, the Supreme Court upheld the constitutionality of a search based upon consent of a solitary co-inhabitant where the defendant was not present with the opportunity to object.  415 U.S. 164 (1974).  The Matlock Court established that "the voluntary consent of any joint occupant of a residence to search the premises jointly occupied is valid against the co-occupant, permitting evidence discovered in the search to be used against him at a criminal trial."  415 U.S. 164, 169 (1974).  Specifically:

> when the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected."

Id. at 171; see e.g., Frazier v. Cupp, 394 U.S. 731, 740 (1969) (Recognizing the constitutional validity of "third party consent" searches, the Court reasoned that defendant assumed the risk that an individual, to whom defendant granted permission to jointly use a duffel bag, would allow someone else to look inside.).  The Court elucidated that the common authority doctrine:

> rests [] on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

Matlock, 415 U.S. at 171 n. 7.  It follows then, that where a defendant is not present with the

opportunity to object, "a spouse who jointly owns and occupies the marital home with the defendant may consent to a search of it with the same effect as if the defendant himself had done so." United States v. Backus, 349 F.3d 1298, 1299 (11th Cir. 2003).

Defendant relies upon Georgia v. Randolph,126 S.Ct. 1515 (2006), in support of his claim. (Doc. 18). There, the Court held that "a physically present inhabitant's express refusal of consent to a police search is dispositive as to him, regardless of the consent of a fellow occupant." Id. at 1528. (emphasis supplied). This court declines defendant's invitation to expand Randolph's narrow holding to apply to the factual situation in this case, in which defendant's absence resulted from his wife's act. The Randolph Court recognized the rigidity of its holding, and expressly stated that "if a potential defendant with self-interest in objecting is in fact at the door and objects, the co-tenant's permission does not suffice for a reasonable search, whereas the potential objector, nearby but not invited to take part in the threshold colloquy, loses out." Id. at 1527 (explaining that the Randolph holding is not to undercut Matlock). Accordingly, defendant's challenge is unavailing, because his wife's consent, as a solitary co-occupant, renders the bureau agents' warrantless entry and search reasonable and valid. See Matlock, 415 U.S. 164.

## CONCLUSION

For the foregoing reasons, defendant's motion to suppress (Doc. 18) is hereby **DENIED. DONE and ORDERED** this 9th day of June, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE